

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN         AUSTIN 11, TEXAS
XXWILXXWIXSON
ATTORNEY GENERAL


Honorable P. L. Marquess
County Auditor
Wharton County
Wharton, Texas

Dear Sir:                  Opinion No. O-2364
                        Re: May the Commissioners' Court levy
                            the county taxes for the year 1940
                            at its regular meeting in August
                            subsequent to the date of holding
                            of the public hearing on the county
                            budget after the date of August
                            15th.

We are in receipt of your letter of May 15, 1940, in which you request the opinion of this department on the following question contained therein:

"Would it be possible for the Commissioners' Courts of the several counties to levy the county taxes in the year 1940 at the regular term in August if all members were present and there had been held a public hearing on the county budget subsequent to August 15th, yet within the regular term, and the Commissioners' Court had 'calculated the rate and adjusted the taxes levied in their respective counties for general purposes to the taxable values shown by the assessment rolls.'?"

The following Articles of the Revised Civil Statutes direct the manner of levy of the county tax:

"Art. 7045:

"The commissioners courts of the several counties, all the members thereof being present, at either a regular or special session, may at any time after the tax assessors of their respective counties have forwarded to the Comptroller the said certificate and prior to the time when the tax collector of such county shall have begun to make out his receipts, calculate the rate and adjust the taxes levied in their respective counties for general purposes to the taxable values shown by the assessment rolls."

"Art. 2354.

"No county tax shall be levied except at a
regular term of the court, and when all members
of said court are present."

The date when such regular term of the Commissioners'
Court may meet for the purpose of levying the county tax aside
from the above requirements is affected by Article 689a-11
of Vernon's Annotated Civil Statutes, which provides in part
as follows:

"The Commissioners' Court in each county shall
each year provide for a  public hearing on the
county budget--which hearing shall take place on
some date to be named by the Commissioners' Court
subsequent to August 15th and prior to the levy
of taxes by such Commissioners' Court. * * *"
(Underscoring ours)

You are advised therefore that it is necessary that
the public hearing on the county budget be held on some date
subsequent to August 15th and that the Commissioners' Court
may not levy the tax until after such time.  There is no re-
quirement however that the Commissioners' Court must wait un-
til September to levy the county tax.

It is the opinion of this department that if, as you
outline in your letter, the Commissioners' Court is in session
at a regular term of said court in August on a date subsequent
to the date on which the public hearing on the county budget
was held that the Commissioners' Court may on such date levy
the county tax.

You call our attention to an opinion written by First
Assistant Attorney General Scott Gaines to Honorable Charles
K. Leslie, Jr., County Auditor, Hidalgo County, dated July 31,
1936. In that opinion Mr. Gaines was answering the following
question:

"IF the tax levy were set prior to the
public hearing, but at a regular term of the
Commissioners' Court, would said tax levy be in-
valid?  In other words, can we set the tax levy
during the regular term of the court, during
the week of August 10th, whereas the public
hearing cannot be held until after that week."

In answer to such question Mr. Gaines stated as fol-
lows:

"The terms of Article 689a-11 preclude
the Commissioners' Court from holding the hear-
ing on the budget prior to August 15th.  It
is equally clear that the tax levy be made after
such a hearing and adoption of a budget for the
succeeding year.

"It is true that the commissioners' court may
not legally levy the tax until the September Term
* * * * * "

Mr. Gaines' answer must be construed in connection
with the question asked him.  Under the facts submitted to
him the budget hearing could not be held until after the reg-
ular August term of Commissioners' Court had been held and
had passed.  Under those facts it was clear that the Commis-
sioners' Court could not legally levy the tax until the Sept-
ember Term.  However, as stated by Mr. Gaines, the only re-
quirement is that the tax levy be made at a regular meeting
of the Commissioners' Court subsequent to the hearing on the
budget.  Under the facts you submit, the tax levy would be
made subsequent to such public hearing on the budget and at
a regular term of the Commissioners' Court.

It is our opinion, therefore, that Mr. Gaines' opinion
would not be in conflict with our opinion expressed herein to
the effect that the tax levy could be made at such regular
meeting in August subsequent to the public hearing on the
budget.

We call your attention to another opinion written by
Assistant Attorney General Scott Gaines to Hon. H. L. Washburn,
County Auditor, Harris County, dated August 4, 1932.  In that
opinion the question was asked whether or not the Commissioners'
Court had the authority to wait until September Term of court
to levy the county tax.  Mr. Gaines quoted from the three
articles of the civil statutes previously quoted in this opinion
and then concluded as follows:

"The levy of taxes by commissioners' courts
should be made at such regular term of the court
with a full membership present, after the taxable
valuations of property have been finally fixed by
the commissioners' court sitting as a board of
equalization, as will allow the county tax assessor
sufficient time in which to prepare and have ap-
proved his tax rolls for the current year, in
order for this official to have the tax rolls in
the hands of the county tax collector so as not
to delay the commencement of the collection of

taxes on October 1st of each year; and it seems that the August regular term of the commissioners' court has been uniformly adopted as the most appropriate time for this purpose. However, in the opinion of the writer, a valid levy for current taxes may be made by the commissioners' court, all members thereof being present, at the regular September term of said court."

It is the opinion of this department that the conclusion stated by Mr. Gaines is correct and that the Commissioners' Court may levy the county tax at a regular term of said court and at a time subsequent to the holding of the public hearing on the county budget on a date after August 15th. This would be true whether such regular term of the Commissioners' Court at which the county tax was levied was either in August or in September.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Billy Goldberg
Billy Goldberg
Assistant

BG:EP:wc

APPROVED JUN 12, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman